UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Robert Bosch GmbH,

    Plaintiff,

v.

SPX Corporation,

    Defendant.

Case No. 1:13-cv-00753-LPS

## SPX CORPORATION'S ANSWER TO COMPLAINT

Defendant SPX Corporation ("SPX") hereby answers the Complaint of Robert Bosch GmbH ("Bosch") as follows:

### Introduction

1. SPX admits that it closed a transaction with Bosch on December 3, 2012. SPX denies the remaining allegations of paragraph 1 and hereby refers to the Purchase and Sale Agreement for its contents.

2. SPX denies the allegations of paragraph 2.

3. SPX denies the allegations of paragraph 3.

4. The allegations of paragraph 4 express legal conclusions to which no response is required. To the extent a response is required, SPX denies the allegations.

### Jurisdiction and Venue

5. The allegations of paragraph 5 include legal conclusions to which no response is required. To the extent a response is required, SPX admits that it is a Delaware corporation and that its principal place of business is in Charlotte, North Carolina. SPX lacks knowledge or

information sufficient to form a belief as to the truth of the allegations regarding the legal status of Bosch or as to the amount in controversy. On that basis, SPX denies the remaining allegations of paragraph 5.

6. The allegations of paragraph 6 express legal conclusions to which no response is required. To the extent a response is required, SPX admits that the Purchase and Sale Agreement was publicly filed with the Securities and Exchange Commission and is currently available at the SEC website.

7. The allegations of paragraph 7 express legal conclusions to which no response is required.

**Background**

8. SPX admits that Bosch and SPX signed the Purchase and Sale Agreement on January 23, 2012. SPX hereby refers to the Purchase and Sale Agreement for its contents. SPX admits that the Service Solutions business generated over $920 million in sales in 2011. SPX lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the current operations of the Service Solutions business. On that basis, SPX denies the remaining allegations of paragraph 8.

9. SPX admits the allegations of paragraph 9.

10. Paragraph 10 consists of non-factual arguments to which no response is required. To the extent a response is required, SPX denies the allegations of paragraph 10.

11. Paragraph 11 consists of non-factual arguments to which no response is required. To the extent a response is required, SPX denies the allegations of paragraph 11.

12. Paragraph 12 consists of non-factual arguments to which no response is required. To the extent a response is required, SPX denies the allegations of paragraph 12.

- 3 -

13. SPX denies the allegations of paragraph 13 and hereby refers to the Purchase and Sale Agreement for its content.

14. Paragraph 14 expresses legal conclusions to which no response is required. To the extent a response is required, SPX denies the allegations of paragraph 14 and hereby refers to the Purchase and Sale Agreement for its content.

15. SPX denies the allegations of paragraph 15, except that SPX admits that Mr. Lieto was the Vice President, Finance & Administration of the Americas region of Bosch Automotive Service Solutions.

16. SPX denies the allegations of paragraph 16, except that SPX admits that it publicly posted job announcements for a Chief Financial Officer of the Thermal Equipment and Services Segment on April 5, 2013 and that it offered the job to Michael Lieto on April 12, 2013.

17. SPX denies the allegations of paragraph 17, except that SPX admits that Zachary Gordon forwarded an email from Heidrick & Struggles to Mr. Lieto.

18. SPX denies the allegations of paragraph 18, except that (1) SPX admits that Mr. Gordon is currently Vice President of Corporate Finance for SPX; (2) SPX admits that Mr. Gordon has spoken to Mr. Lieto since December 2012; and (3) SPX admits that Mr. Lieto traveled to Charlotte, North Carolina in March 2013.

19. SPX denies the allegations of paragraph 19.

20. SPX denies the allegations of paragraph 20, except that SPX admits that Mr. Gordon and Mr. Lieto spoke on April 3, 2013.

21. SPX denies the allegations of paragraph 21, except that SPX admits that it publicly posted job announcements for a Chief Financial Officer of the Thermal Equipment and Services Segment on April 5, 2013.

22. SPX denies the allegations of paragraph 22.

23. SPX denies the allegations of paragraph 23.

24. SPX denies the allegations of paragraph 24, except that SPX admits that Mr. Lieto contacted Jeremy Smeltser about the job as Chief Financial Officer of the Thermal Equipment and Services Segment on April 6, 2013 and that Mr. Lieto emailed his resume to Mr. Smeltser.

25. SPX denies the allegations of paragraph 25, except that (1) SPX admits that Mr. Lieto traveled to Charlotte, North Carolina on or about April 9, 2013; (2) Mr. Lieto interviewed for the job Chief Financial Officer of the Thermal Equipment and Services Segment; and (3) SPX offered Mr. Lieto the job on April 12, 2013.

26. SPX denies the allegations of paragraph 26, except that (1) SPX admits that on April 12, 2013, Mr. Lieto informed Bosch that SPX would be offering him the job of Chief Financial Officer of the Thermal Equipment and Services Segment; and (2) SPX admits that it informed Bosch of the offer on April 12, 2013.

27. SPX admits the allegations of paragraph 27.

28. SPX denies the allegations of paragraph 28.

29. SPX denies the allegations of paragraph 29.

30. SPX denies the allegations of paragraph 30.

31. SPX denies the allegations of paragraph 31 and hereby refers to the Purchase and Sale Agreement for its contents.

32. SPX denies the allegations of paragraph 32.

33. The allegations of paragraph 33 express legal conclusions to which no response is required. To the extent a response is required, SPX denies the allegations.

34. SPX denies the allegations of paragraph 34.

## COUNT 1
### (Breach of Contract)

35. The allegations of paragraph 35 express legal conclusions to which no response is required.

36. The allegations of paragraph 36 express legal conclusions to which no response is required. To the extent a response is required, SPX denies the allegations.

37. SPX denies the allegations of paragraph 37.

38. SPX denies the allegations of paragraph 38.

39. SPX denies the allegations of paragraph 39.

40. SPX denies the allegations of paragraph 40.

41. SPX denies the allegations of paragraph 41 and hereby refers to the Purchase and Sale Agreement for its content.

42. SPX denies the allegations of paragraph 42.

## AFFIRMATIVE DEFENSES

43. Further answering the Complaint, SPX asserts the following defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of them. SPX reserves the right to amend its answer with additional defenses as further information is obtained.

### First Affirmative Defense
### (No Breach of Contract)

44. SPX has not breached the Purchase and Sale Agreement.

### Second Affirmative Defense
### (Lack of Damages)

45. Bosch's claims are barred, in whole or in part, because it has not sustained damages as a result of the matters alleged in the Complaint.

### Third Affirmative Defense
### (Failure to Mitigate Damages)

46. Bosch's claims are barred, in whole or in part, by its failure to mitigate its damages, if any.

### Fourth Affirmative Defense
### (Failure to State a Claim)

47. The complaint fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense
### (Waiver)

48. Bosch has waived the claims alleged in the Complaint.

### Sixth Affirmative Defense
### (Unclean Hands)

49. Bosch's claims are barred, in whole or in part, by the doctrine of unclean hands.

### PRAYER FOR RELIEF

50. SPX denies that Bosch is entitled to the relief requested in the complaint or any other relief. SPX respectfully requests that this Court enter judgment in favor of SPX and against Bosch, together with an award of costs and attorneys' fees as provided in Paragraph 12.19 of the Purchase and Sale Agreement.

SMITH, KATZENSTEIN & JENKINS LLP

May 17, 2013

*/s/ Laurence V. Cronin* .
Laurence V. Cronin (No. 2385)
David A. Jenkins (No. 932)
800 Delaware Avenue, Suite 1000
P.O. Box 410
Wilmington, DE 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
LVC@skjlaw.com
djenkins@skjlaw.com

Robert P. Haney (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010
rhaney@cov.com

*Attorneys for SPX Corporation*